# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TODD MCELROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-232 |
| | ) | |
| EEOC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Todd McElroy seeks to revive claims that this Court has already dismissed. For the reasons previously identified by this Court and because the claims are now barred by the doctrine of *res judicata*, the Complaint should be **DISMISSED**.

Plaintiff's claims stem from a 2016 denial of an employment discrimination claim by the Equal Employment Opportunity Commission (EEOC). *See* doc. 1. Identical claims were asserted in another matter recently filed by plaintiff.[1] As the Court explained in dismissing the prior

---

[1] The only significant difference between the two cases appears to be that the prior Complaint named as additional defendants this federal judicial district and two federal judges. *Compare* doc. 1 *with McElroy v. Unites States District Court for the Southern District of Georgia*, CV4:21-196, doc. 1 (S.D. Ga. Jul. 8, 2021).

case, the claims are untimely by more than two years and the EEOC is immune from suit. *McElroy v. Unites States District Court for the Southern District of Georgia*, CV4:21-196, doc. 5 (S.D. Ga. Jul. 12, 2021) (Report and Recommendation) *adopted* doc. 9 (S.D. Ga. Aug. 5, 2021) (Order Adopting). These deficiencies have not been cured by plaintiff's refiling and remain fatal.

Further, as the claims have previously been adjudicated, they are now barred by the doctrine of *res judicata*. *See Garnett v. Southwest Airlines Co.*, 829 Fed. App'x 506 (Mem), 507 (11th Cir. 2020) ("[A] district court can *sua sponte* raise the issue when it has already decided the same claim."). As the Eleventh Circuit has stated:

> It is by now hornbook law that the doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999). For *res judicata* to bar a subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id*.

*Maldonado v. United States Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). Each of the required elements has been satisfied in this case. The original dismissal of the claims as untimely was a decision on the merits.

*Benedek v. Adams*, 725 Fed. App'x 755, 761 (11th Cir. 2018). As the prior case was dismissed by this Court—a United States District Court—it was rendered by a court of competent jurisdiction. *Swindell v. Florida E. Coast Ry. Co.*, 178 Fed. App'x 989, 991 (11th Cir. 2006). The EEOC was a named party in each case. *See* doc. 1; *McElroy v. Unites States District Court for the Southern District of Georgia*, CV4:21-196, doc. 1 (S.D. Ga. Jul. 8, 2021). Finally, the alleged claims appear to be the same in each matter. *Compare* doc. 1 *with McElroy v. Unites States District Court for the Southern District of Georgia*, CV4:21-196, doc. 1 (S.D. Ga. Jul. 8, 2021). As the claims in this Complaint were previously dismissed by the Court, are untimely, and are precluded by sovereign immunity, the Court **RECOMMENDS** that it be **DISMISSED**.[2]

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

---

[2] Plaintiff is advised that further attempts to relitigate this claim will be considered an intentional abuse of the Court's jurisdiction and may result in sanctions. *See Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 20th day of August, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA